# IN THE THIRTEENTH JUDICIAL DISTRICT OF TENNESSEE
# CIRCUIT COURT OF CUMBERLAND COUNTY

CHERYL ANNE STEDAM, INDIVIDUALLY )
and as ADMINISTRATRIX of )
the ESTATE OF TRACY CHARLES )
RAY WRIGHT, Deceased, )
)
    Plaintiffs, )
)
v. ) No. CCI-19-CV-6475
) **JURY DEMAND**
CUMBERLAND COUNTY, TENNESSEE AND )
CUMBERLAND COUNTY SHERIFF'S ) DATE FILED March 6, 2019
DEPARTMENT, )
) Jessica Burgess (MB)
    Defendants. )
                                                        Circuit Court Clerk

## COMPLAINT

Come now the Plaintiffs, **Cheryl Anne Stedam**, individually and **Cheryl Anne Stedam, Administratrix of the Estate of Tracy Charles Ray Wright, Deceased**, and would most respectfully show unto this Honorable Court as follows:

I.

That the Plaintiff, **Cheryl Ann Stedam**, is and was, at all times material hereto, a citizen and resident of Cumberland County, Tennessee. This Plaintiff is the mother of **Tracy Charles Ray Wright,** now deceased (hereinafter "the decedent"), who died intestate as a resident of Cumberland County, Tennessee on or about **March 11, 2018**, unmarried and without issue (children). This Plaintiff is the duly authorized and acting **Administratrix** of the **Estate of Tracy Charles Ray Wright, Deceased**, in accordance with orders entered in the Probate and Family Court of Cumberland County, Tennessee, in that cause styled *In Re: The Estate of Tracy Charles Wright, Deceased*, No. 2018-PF-6225, on or about May 3, 2018.

That the Defendant, **Cumberland County, Tennessee**, is and was, at all times material hereto, a political subdivision situated within the Middle Grand Division of the State of Tennessee, established by action of the Tennessee General Assembly. The Defendant, **Cumberland County Sheriff's Department**, is and was, at all times material hereto, an agency and department of the Defendant, **Cumberland County, Tennessee**, and partially or fully funded by the Defendant, **Cumberland County, Tennessee**. The Defendant, **Cumberland County, Tennessee**, may be served through its County Mayor, **Allen Foster**, via the Cumberland County Sheriff's Department or private process server, at **2 North Main Street, Suite 203, Crossville, Tennessee 38555**. The Defendant, **Cumberland County Sheriff's Department**, may be served through its duly elected and acting Sheriff, **Casey Cox**, via individuals authorized by statute to serve process upon the Cumberland County Sheriff's Department, or by private process server at **90 Justice Center Drive, Crossville, Tennessee 38555**.

II.

That his Complaint is brought by the Plaintiffs for the recovery of compensatory and punitive damages due the Plaintiffs by virtue of the wrongful death of the decedent, **Tracy Charles Ray Wright**, on or about March 11, 2018, proximately caused by or arising from the decedent's incarceration at the Cumberland County Jail, a prison facility operated by and under the control and supervision of the Defendants, all as hereinafter set forth.

III.

That the decedent, **Tracy Charles Ray Wright**, was an inmate at the Cumberland County Jail as of March 6, 2018. The Defendants were responsible for the care and

management of inmates confined in this facility, including the decedent. The Defendants were on notice of the decedent's fragile medical condition during his period of incarceration. In spite of repeated requests for positive medical treatment, the Defendants failed to provide essential care to the decedent, resulting in and directly causing the decedent's death on March 11, 2018. The conduct of the Defendants toward the decedent was so blatantly inappropriate as to show evidence of intentional maltreatment and deliberate indifference to his care, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and Article I, Section 8 of the Tennessee Constitution. Plaintiffs, therefore, bring this action for the recovery of compensatory and punitive damages against the Defendants, jointly and severally, for these Constitutional violations, pursuant to *42 U.S.C. § 1983* and *42 U.S.C. § 1988*. In addition, such inappropriate treatment and deliberate indifference for the decedent's medical needs constituted Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution and Article I, Sections 13 and 32 of the Tennessee Constitution. Plaintiffs, therefore, bring this action for the recovery of compensatory and punitive damages against the Defendants, jointly and severally, for these additional Constitutional violations, pursuant to *42 U.S.C. § 1983* and *42 U.S.C. § 1988*.

IV.

In the alternative, Plaintiffs aver that the failure of the Defendants to provide adequate medical care and treatment to the decedent while incarcerated at the Cumberland County Jail constitutes negligence and a violation of the duty of care owned to inmates, including the decedent, incarcerated in the Cumberland County Jail. As a direct and proximate result of the negligence of the Defendants and their breach of the duty owed the decedent, the decedent

Exhibit A

suffered great pain and agony during and immediately following his incarceration, a significant decline in this health, and ultimately in his death.

V.

That as a direct and proximate result of the intentional and indifferent acts of the Defendants as set forth above, or, alternatively, that as a direct and proximate result of the negligence of the Defendants as described herein, the decedent suffered great pain, agony and emotional distress immediately prior to his death. Certain expenses were incurred in conjunction with the medical care of the decedent, and, following his death, for the decedent's funeral and interment. The decedent was an able-bodied, industrious person who was twenty-four (24) years of age and had a life expectancy in excess of fifty (50) years and a probable effective work life expectancy of forty-six (46) years. But for the intentional and indifferent acts of the Defendants, or, alternatively, but for the negligent acts of the Defendants as described herein, the decedent would have earned a substantial income throughout his life. The decedent was further dedicated to the care and security of his mother, the Plaintiff, Cheryl Anne Stedam. This Plaintiff, as the mother of the decedent, and as a proximate result of the intentional and indifferent acts of the Defendants, or alternatively, as a proximate result of the negligent acts of the Defendants, has been deprived of the services, society and consortium of her son to which she is entitled as his mother.

**PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That proper process issue and be served upon the Defendant, **Cumberland County, Tennessee**, through its County Mayor, **Allen Foster**, via the Cumberland County Sheriff's Department or via private processor, requiring this Defendant to appear and answer

hereto, but not under oath, its oath being hereby expressly waived.

2. That proper process issue and be served upon the Defendant, **Cumberland County Sheriff's Department**, through its Sheriff, **Casey Cox**, via individuals authorized by statute to serve process upon this Defendant or via private process server, requiring this Defendant to appear and answer hereto, but not under oath, its oath being hereby expressly waived.

3. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendants, jointly and severally, for compensatory damages representing (1) compensation for the pecuniary value of the life of the decedent, Tracy Charles Ray Wright, (2) compensation for the severe pain, suffering and emotional distress experienced by the decedent immediately prior to his death, (3) compensation for the medical, funeral and burial expenses incurred or due and owing as a result of the death of the decedent, (4) compensation for the loss of services, society and consortium experienced by the Plaintiff, Cheryl Anne Stedam, of her son, Tracy Charles Ray Wright, and (5) other damages, in such amounts as determined by the Court.

4. That upon a hearing of this cause, the Plaintiffs additionally have judgment against the Defendants, jointly and severally, for punitive damages arising by virtue of the intentional and indifferent conduct of the Defendants, in such amounts determined by the Court.

5. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendants, jointly and severally, for all costs and expenses incurred by the Plaintiffs in the filing and prosecution of this action, including attorney's fees, litigation expenses, deposition

and discovery expenses, court costs, and the like, as provided by *42 U.S.C. § 1983* and *42 U.S.C. § 1988.*

6. *That a jury of twelve (12) persons try all issues when joined.*

7. That upon a hearing of this cause, the Plaintiffs have such other, further and general relief as to which the Court deems just and proper.

> **LAW OFFICE OF HOWARD L. UPCHURCH**
> Attorney for Plaintiffs
> P.O. Box 381
> Pikeville, Tennessee 37367
> (423) 447-2903
>
> By: _____
> **HOWARD L. UPCHURCH**
> **BPR# 10145**

## COST BOND

We are sureties for the non-discretionary costs of this cause.

> **LAW OFFICE OF HOWARD L. UPCHURCH**
> Attorney at Law
> P.O. Box 381
> Pikeville, Tennessee 37367
> (423) 447-2903
>
> By: _____
> **HOWARD L. UPCHURCH**
> **BPR # 10145**