UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| CHERYL ANNE STEDAM, individually and as Administratrix of the Estate of Tracy Charles Ray Wright, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) No. 2:19-cv-00032 |
| v. | ) ) ) |
| CUMBERLAND COUNTY, TENNESSEE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On June 25, 2020, after completion of discovery, Defendants moved for summary judgment seeking dismissal of this case on multiple grounds. (Doc. No. 43; see also Doc. No. 44.) Plaintiff did not file a timely response to Defendants' motion or statement of undisputed material facts as required by Federal Rule of Civil Procedure 56, Local Rules 7.01(a)(3) and 56.01, the Initial Case Management Order (Doc. No. 33 at 5), and the Magistrate Judge's June 26, 2020 Order (Doc. No. 50). Indeed, it was only after the Court entered its *October* 1, 2020 Order (Doc. No. 52) that Plaintiff submitted a belated opposition brief (Doc. Nos. 53, 54) and a partial response to Defendants' statement of undisputed material facts (Doc. No. 56). Notably, Plaintiff offered no reason for the very late filing.

The Court scheduled a status conference on October 22, 2020, to give Plaintiff an additional opportunity to address these procedural missteps and various substantive defects in her case that support granting Defendants' motion. On the morning of the status conference Plaintiff filed an "Amended" Response to Motion for Summary Judgment," (Doc. No. 60) essentially conceding that Defendants' motion should be granted and Plaintiff's claims should be dismissed.

Again, Plaintiff's counsel offered no good and satisfactory reason for his most recent filing or the procedural and substantive deficiencies noted above. As a result, the Court would be more than justified in deeming unopposed the entirety of Defendants' motion for summary judgment and statement of undisputed facts. See Fed. R. Civ. P. 56(e)(2); L.R. 7.01(a)(3) & 56.01(f). However, as a matter of discretion, the Court has considered Plaintiff's belated responses.

Although Defendant's motion is unopposed for the reasons stated above, the Court is still "required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has" met his "burden of demonstrating the absence of a genuine issue as to a material fact." Carver v. Bunch, 946 F.2d 451, 454–55 (6th Cir. 1991). Given this requirement, the Court has reviewed the merits of Defendants' motion and applied the legal standards required under Federal Rule of Civil Procedure 56. For the following reasons, the Court determines that Defendants' motion for summary judgment must be granted.

First, Defendants Sheriff Casey Cox and Captain Tim Claflin are entitled to dismissal in their individual capacities because Plaintiff never served either with summons and process, as required by Federal Rules of Civil Procedure 3 (Commencing an Action) and 4 (Summons). On June 17, 2019, the Court granted Plaintiff's motion to amend the complaint to add Cox and Claflin in their individual capacity (Doc. Nos. 29, 30), and the Clerk filed the amended complaint on the same date (Doc. No. 31). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Not only did Plaintiff fail to serve Cox and Claflin with service of the amended complaint within 90 days of June 17, 2019 as required by Rule 4(m), but it is also undisputed that, to date, Plaintiff still has not

served them. And as a result of Plaintiff's failure to serve the amended complaint within 90 days, the one-year statute of limitations for Plaintiff to bring this civil action under 42 U.S.C. § 1983 against Cox and Claflin has expired under Tennessee Rule of Civil Procedure 3. See T.R.C.P. 3 (requiring plaintiffs to serve the complaint within 90 days "to toll the running of a statute of limitations"). Accordingly, the Court must grant Defendants' motion for summary judgment to dismiss Cox and Claflin in their individual capacities as a matter of law.

Second, Cox and Claflin are entitled to dismissal in their official capacities because Plaintiff offers no evidence to permit an inference that either had any knowledge of Charles Ray Wright's medical condition when he was in custody at the Cumberland County Jail. It is well-settled that a § 1983 plaintiff must establish that jail officials "subjectively perceived a risk of harm and then disregarded it" to succeed on a § 1983 deprivation of medical care claim. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). Here, to survive Defendants' summary judgment motion, Plaintiff must present evidence that Cox's and Claflin's state of mind evidence "deliberateness tantamount to intent to punish" Wright. Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994). Yet Plaintiff offered no such evidence to permit an inference that either Cox or Claflin had the requisite factual knowledge of Wright's health condition. Indeed, the only evidence properly before the Court establishes the opposite. While Wright was in custody at the Cumberland County Jail, neither Cox or Claflin talked to him, were consulted or informed of his specific medical needs or treatment, or had any reason to believe that Wright's medical needs were not being met. (Doc. Nos. 45, 46).

The deposition testimony of Mr. Wright's mother also supports the Court's conclusion about Cox and Claflin's lack of knowledge of her son's condition. Specifically, she testified:

> Q. Did you ever learn what caused the stroke?
> A. I'm not exactly sure, no, ma'am.

> Q. Okay. And you had filed the lawsuit on behalf of yourself and Trey's estate?
> A. Yes, ma'am.
> Q. And you've alleged deliberate indifference on the part of the county, the sheriff [Cox], and the jail administrator [Claflin]?
> A. Yes, ma'am.
> Q. Okay, so my question would be, do you have any information that the sheriff ever talked to your son?
> A. I don't know.
> Q. Okay. Do you have any information that the jail administrator ever talked to your son while he was in the jail?
> A. I don't know.
> Q. Do you have any information about whether any of the employees or medical staff ever talked to the sheriff about your son?
> A. I do not know.
> Q. Do you have any information about whether the employees or staff, medical staff, talked to the jail administrator about your son?
> A. I don't know.
> Q. Okay. Do you know, as you sit here today, like, who made the decision about what happened with your son in the jail?
> A. No, I do not.

(Doc. No. 47-1 at 2–3.) Even when the facts are viewed most favorably to Plaintiff and every inference is made in her favor, which the Court is required to do at this stage, the Court still finds that Cox and Claflin are entitled to dismissal in their official capacities.

Third, Cumberland County, Tennessee is entitled to dismissal because Plaintiff offers no evidence to establish any basis for municipal liability under <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658, 690 (1978). Indeed, Plaintiff has neither alleged factual averments in the amended complaint for municipal liability, nor offered any such evidence on summary judgment. But even if Plaintiff had done so, this claim would still fail because there is no underlying constitutional violation for failure to provide Mr. Wright medical care. <u>Robertson v. Lucas</u>, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under <u>Monell</u> without an underlying constitutional violation."). Accordingly, the Court must dismiss Plaintiff's § 1983 claim against Cumberland County as a matter of law.

Last, the Court notes that Plaintiff "does not challenge the dismissal of [her] Fifth Amendment claim . . . [or] State Law claims (negligence and the Tennessee Constitution)[.]" (Doc. No. 60 at 1.) Nonetheless, the Court has carefully considered Defendants' arguments with respect to these claims and agrees that they should also be dismissed as a matter of law (to the extent they have not been dismissed already).

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 43) is **GRANTED**, and this case is dismissed with prejudice. The status conference scheduled today is **CANCELLED**. This is a final order. The Clerk shall enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE